IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSE MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-396 |
| | § | |
| P CHANG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 22. The Court is also in receipt of Plaintiff Jesse Mendez's ("Mendez") Objections, Dkt. No. 23. For the reasons stated below the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R.

### I. BACKGROUND

Mendez brought this pro se prisoner rights action under 42 U.S.C. § 1983. Dkt. No. 1. He claims Eighth Amendment violations by Dr. Kwarteng and Dr. Chang ("Defendants") and unidentified directors of the Hepatitis C Chronic Care Clinic for refusing to treat his Hepatitis C with direct-acting antivirals ("DAAs"). *Id.* Mendez claims that the refusal to treat his Hepatitis C based on an AST to Platelet Ratio Index Score ("APRI") has led to physical and mental suffering. Dkt. No. 1 at 7. Mendez claims the APRI score is not a sufficient indicator of health risk and the refusal to treat his condition led to deliberate indifference to his medical suffering. *Id.* Defendants moved to dismiss all claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. No. 19; Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

### II. M&R

The M&R recommends dismissing claims against Defendants in their official capacity as barred by the Eleventh Amendment. Dkt. No. 22 at 5. The M&R also recommends dismissing Mendez's deliberate indifference claim for failure to state a

claim upon which relief can be granted. *Id.* at 7. Mendez objects to the M&R based on his medical suffering. Dkt. No. 23 at 3. . The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

### III. Deliberate Indifference

Regarding deliberate indifference, the Magistrate Judge writes:

> "'Deliberate indifference is an extremely high standard to meet.' *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). An incorrect diagnosis by prison medical personnel is insufficient to state a claim of deliberate indifference. *Id.* Instead, prison officials must refuse to treat the inmate, ignore his complaints, intentionally treat him incorrectly, or otherwise engage in conduct that demonstrates a wanton disregard for a serious medical need. *Id.* The decision whether to provide additional treatment is a matter of medical judgment. *Id.* The failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to support a claim of deliberate indifference. *Id.* The deliberate indifference standard requires a showing that an official was subjectively aware of the risk of serious harm to the inmate. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).
>
> It is not deliberate indifference for a state to refuse to provide a specific treatment for hepatitis C where medical personnel are regularly monitoring the condition. *Roy v. Lawson*, 739 F. App'x 266, 266-67 (5th Cir. 2018) (unpublished). This is true even where cost is the state's reason for refusing to provide optimal drug treatment before an offender reaches a particular medical threshold. *Id.* at 267. Such a claim is ultimately a challenge to the medical judgment exercised by prison medical staff, which is insufficient to state a constitutional claim. *Id.*
>
> Here, Mendez's allegations, taken as true, fail to state a claim for deliberate indifference to a serious medical need. Mendez merely alleges that the Defendants have refused to treat him with DAAs because tests show that his APRI is not yet high enough to require such treatment. (D.E. 1 at 4-7). Thus, Mendez's claims are analogous to the claim that the Fifth Circuit rejected in *Roy* because the medical personnel are monitoring his condition and, rather than refusing treatment outright, have set specific medical preconditions to receive the treatment Mendez seeks. *Roy*, 739 F. App'x at 266-67. As in *Roy*, Mendez's claim is ultimately a challenge to the medical judgment exercised by Defendants—namely, that the reliance on APRI as the primary treatment criteria is misplaced—and is insufficient to state a constitutional claim. *Id.* at 267. Although *Roy* is unpublished and nonprecedential, this conclusion also aligns with the general law on deliberate indifference claims. *See Domino*, 239

> F.3d at 756. Thus, Mendez has failed to state a claim of deliberate indifference and his complaint should be dismissed."

Dkt. No. 22 at 6-7.

Both *Domino* and *Roy* are cases that deal with summary judgment, not a 12(b)(6) motion. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see* Fed. R. Civ. P 12(b)(6). The Court in *Domino* ruled Plaintiff had not presented competent summary judgment evidence to show a genuine dispute of material fact. *See Domino*, 239 F.3d at 756. The Court did not rule on whether a Plaintiff had stated a claim. *See id.* The unreported Fifth Circuit case of *Roy* also involves the Court ruling on the summary judgment evidence of a Hepatitis C deliberate indifference complaint. *Roy v. Lawson*, 739 F. App'x 266 (5th Cir. 2018). The Court in *Roy* wrote:

> "Inasmuch as Roy complains about Defendants' failure to adhere to prison policy by referring him for treatment when the threshold for referral was an AST/Platelet Ration Index (APRI) score of 0.42 and his APRI score was 0.5, his complaint is, at best, one of mistake, negligence, or malpractice, not deliberate indifference, particularly in the absence of any medical evidence showing that his condition required immediate care or subjected him to any wanton infliction of pain."

*Roy*, 739 F. App'x at 267.

The Court in *Roy* did not conclude that raising Hepatitis C deliberate indifference allegations fails to state a claim. *See id.* The Court indicates if Roy had produced evidence showing that his condition required immediate care or subjected him to wanton infliction of pain his claim may have survived summary judgment. *Id.*

Here this Court does not rule on whether Mendez has produced summary judgment evidence to support his claim of wanton infliction of pain. *See* Dkt. No. 22. Mendez has not had the opportunity to produce evidence as did the plaintiff in *Roy* or *Domino*. *See Roy*, 739 F. App'x at 267; *Domino*, 239 F.3d at 756. The inquiry is whether Mendez stated a claim. Fed. R. Civ. P. 12(b)(6). Accordingly, the Court **DECLINES TO ADOPT** the M&R's statement of law regarding deliberate indifference. *See* Dkt . No. 22 at 6-7.

### a. Deliberate Indifference Analysis

A pleading must include a short and plain statement of the claim showing that the Plaintiff is entitled to relief and giving the defendant fair notice of the claim. Fed. R. Civ. P. 8(a)(2). To survive a motion for failure to state a claim, a complaint does not need detailed facts, but it must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations are to be assumed to be true, but allegations must state a claim that is plausible on its face and raise an inference of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are held to a less stringent standard than formal pleadings from lawyers. *Haines v. Kerner*, 404 U.S. 519, 596 (1972).

The Eighth Amendment prohibits punishments that impose unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In medical deliberate indifference claims a plaintiff "must show that officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). A failure to provide additional treatment or diagnostics, such as ordering an X-ray, is not cruel and unusual punishment. *Estelle*, 429 U.S. at 107; *see Domino*, 239 F.3d at 756 (quoting the additional treatment passage from *Estelle*).

Mendez's pro se complaint alleges that the Defendants were deliberately indifferent in the treatment of the Hepatitis C disease. Dkt. No. 1. He makes factual claims involving the treatment system by Defendants and his suffering that occurred. *Id.* at 6-8. He claims Defendants refused to treat his condition despite his suffering. *Id.* Such information from a pro se complainant sufficiently states a claim that raises an inference of liability and is beyond formulaic recitation or labels and conclusions. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Haines*, 404 U.S. at 520.[1] Accordingly, the Court **DECLINES TO DISMISS** Mendez's deliberate

---

[1] In Defendant's motion for failure to state a claim they rely on their "Correctional Managed Health Care Infection Control Policy" to state that their treatment is adequate. Dkt. No. 19 at 5. This policy is outside the pleadings and is

indifference claim for failure to state a claim upon which relief can be granted. *See id.*; Fed. R. Civ. P. 12(b)(6).

## IV. Qualified Immunity

The M&R's Qualified Immunity analysis was based on its conclusion that Mendez failed to state a claim, so the Court **DECLINES TO ADOPT** the M&R's Qualified Immunity analysis. Dkt. No. 22 at 7-8.

### a. Qualified Immunity Analysis

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'". *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

Defendants cite many cases regarding the need to decide qualified immunity at the earliest stage possible and for the plaintiff's burden to demonstrate qualified immunity does not bar recovery once it is asserted. *See* Dkt. No. 19 at 5-6; *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). These are summary judgment cases where both sides have had the opportunity to produce evidence. *See id.* Defendants rely on material outside the complaint to assert their qualified immunity defense. Dkt. No. 19 at 7. The Defendants' grounds for qualified immunity relate to their own "Correctional Managed Health Care Infection Control Policy," and how that policy was applied to Mendez. Dkt. No. 19 at 7.

When considering a motion to dismiss for failure to state a claim a court "may not 'go outside the complaint.'" *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (noting an exception for certain documents attached to a motion to dismiss). The Defendants' health policy and whether it was applied to Mendez is

---

not appropriately considered as part of a 12(b)(6) motion. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012).

outside the bounds of Mendez's complaint and so cannot be considered as part of a motion for failure to state a claim. *See Gines*, 699 F.3d at 820.

Accordingly, the Court **DECLINES TO DISMISS** Defendants' motion for failure to state a claim based on qualified immunity because it is based on material outside the bounds of a 12(b)(6) motion.

V. **Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Memorandum and Recommendation, Dkt. No. 22. The Court hereby:

- **DISMISSES** Mendez's claims that seek damages against Defendants in their official capacity as barred by the Eleventh Amendment
- **DECLINES TO DISMISS** Mendez's deliberate indifference claim for failure to state a claim

SIGNED this 4th day of February, 2020.

_____
Hilda Tagle
Senior United States District Judge