UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSE MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-396 |
| | § | |
| P CHANG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at TDCJ's Huntsville Unit in Huntsville, Texas. Plaintiff's claims against medical personnel while incarcerated at the Garza Unit in Beeville, Texas, for Eighth Amendment violations are the only claims that have survived motions to dismiss (*See* D.E. 25). Pending is Plaintiff's motion for appointment of counsel (D.E. 27).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to

appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. Plaintiff claims he received inadequate medical care while at the Garza Unit. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent, and able to describe the facts underlying his claims. His testimony during an evidentiary hearing revealed that he understands his claims and can investigate and present his case. Plaintiff has been able to obtain legal materials from the law library, cite cases in his briefs, make discovery requests, and he can also request the assistance of other inmates. He appears to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial. Dispositive motions have not yet been filed and a trial date has not been set.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 27) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 4th day of March, 2020.

_____
Julie K. Hampton
United States Magistrate Judge